IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


FREDDIE WILLIAMS,

          Plaintiff,

vs.                              Case No. 20-2123-SAC


HEALTH SERVICE ADMINISTRATOR
OF WELLPATH,

          Defendant.


## O R D E R

Plaintiff filed this action under 42 U.S.C. § 1983 in state district court for Wyandotte County, Kansas.  The case was removed to federal court by defendant Health Service Administrator of Wellpath on March 17, 2020 and a motion to dismiss was filed the next day.  Doc. No. 4.  Since the motion to dismiss was filed, plaintiff has filed three proposed amended complaints (Doc. Nos. 10, 11, and 15), another pleading that reads like a new complaint (Doc. No. 23), two motions to amend (Doc. Nos. 26 and 35), and a supplement (Doc. No. 36) to the proposed amended complaint at Doc. No. 23.  There are numerous motions pending as well.

In this order, the court shall attempt to screen this case pursuant to 28 U.S.C. § 1915A and address the pending motions.

1

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United

States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court

may also consider the exhibits attached to the complaint.  Id.

The court, however, is not required to accept legal conclusions

alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus,

mere 'labels and conclusions' and 'a formulaic recitation of the

elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)

(quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to

a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." Id.  "Where a

complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between

possibility and plausibility of "entitlement to relief."'"  Id.

(quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant

caused a violation of plaintiff's constitutional rights.  Walker

v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls

v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were
> violated or that defendants, as a collective and
> undifferentiated whole, were responsible for those

3

violations.   They must identify specific actions taken
by particular defendants, or specific policies over
which particular defendants possessed supervisory
responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of
Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must
make clear exactly who is alleged to have done what to whom").

II.  The complaint, proposed amended complaints, and motions to
amend or supplement a complaint.

A. The original complaint or state court petition

Plaintiff's original complaint or state court petition was
filed on February 14, 2020.  The complaint (Doc. No. 2-1 pp. 4-6)
alleges medical neglect and inadequate medical care for a
concussion plaintiff suffered on September 17, 2019 as an inmate
at the Wyandotte County Adult Detention Center (WCADC) when he was
allegedly assaulted by a deputy sheriff.  Plaintiff alleges that
he was not seen by a medical examiner for 17 days.  Plaintiff names
as a defendant the Heath Services Administrator for Wellpath and
"employees of Wellpath medical staff and mental health services."

B. Plaintiff's three proposed amended complaints – Doc. Nos.
10, 11 and 15.

Plaintiff filed three proposed amended complaints (Doc. Nos.
10, 11 and 15) on April 27 and April 29, 2020.  The court shall
treat these as motions to amend the complaint because they were
not filed within the time for amending a complaint as a matter of

4

course.  See Fed.R.Civ.P. 15(a)(1).  It is well established that an amended pleading supersedes the pleading it modifies and remains in effect unless it subsequently is modified.  Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., 793 F.3d 1177, 1180-81 (10th Cir. 2015).  Based on this principle, the court shall find that plaintiff's proposed third amended complaint, treated as a motion to amend the complaint, supersedes the first and second proposed amended complaints, which the court shall consider moot.  See Hooten v. Ikard Servi Gas, 525 Fed.Appx. 663, 668 (10th Cir. 2013)(ruling that fourth amended complaint superseded prior complaints and left them without legal effect).

Fed.R.Civ.P. 15(a)(2) favors freely granting leave to amend a complaint.  The Tenth Circuit also favors allowing pro se litigants an opportunity to amend a complaint which fails to state a claim.  Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010). The court acknowledges defendant Health Service Administrator's opposition to amending the complaint.  Doc. No. 18.  However, considering the early stage of this litigation and the absence of prejudice caused to defendant Health Service Administrator if this case proceeds upon the third amended complaint, the court shall grant plaintiff leave to file the third amended complaint.  At this point in the case, Doc. No. 15 shall be considered the operative complaint.  This renders moot the motion to dismiss the original complaint or state court petition at Doc. No. 4.

C. Amendment to the complaint at Doc. No. 23 and supplement at Doc. No. 36.

In Doc. No. 23, plaintiff presents what appears to be a proposed amendment adding claims against two WCADC employees, Sara Toms and Esmeralda Wilson.  The pleading is styled as a new complaint and describes actions which allegedly have impeded plaintiff's access to the courts by refusing to make copies or obstructing plaintiff from sending legal mail.  This effort to amend the complaint shall be denied because it seeks to improperly join unrelated claims against new defendants to this case.

As this court noted in Snavely v. Kansas Dept. of Corrections, 2010 WL 3974920 *7-8 (D.Kan. 9/30/2010), the Federal Rules of Civil Procedure govern the joinder of claims and parties in a single lawsuit.  Under Rule 18(a), a party asserting a claim to relief may join as independent or alternative claims as many claims as the party has against an opposing party.  Under Rule 20(a)(2), the joinder of several defendants is permissible if the right to relief asserted against them arises out of the same transaction, occurrence or series of transactions or occurrences; and a question of law or fact common to all defendants will arise in the action. "Thus, while joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'"  Id. (quoting Zhu v. Countrywide Realty

6

<u>Co., Inc.</u>, 160 F.Supp.2d 1210, 1225 (D.Kan.2001)).   "'Unrelated claims against different defendants belong in different suits, not only to prevent [a confusing morass of claims] but also to ensure that prisoners pay the required filing fees.'" <u>Id.</u> at *8 (quoting <u>George v. Smith</u>, 507 F.3d 605, 507 (7th Cir. 2007) and citing <u>Smith v. Kirby</u>, 53 Fed. Appx. 14, 16 (10th Cir. 12/9/2002)(finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court....")).   See also, <u>McLemore v. Saline County Sheriff's Office</u>, 2016 WL 3522048 *3-5 (D.Kan. 6/28/2016)(denying joinder of claims not related to original complaint brought by a county jail inmate); <u>Harvey v. Rohling</u>, 2011 WL 4585256 *7 (D.Kan. 9/12/2011)(denying joinder of disciplinary claims to other claims arising from prisoner's confinement).

Because this amendment is denied, the court also denies plaintiff's motion at Doc. No. 36 where he seeks to supplement the claims in Doc. No. 23.[1]

D. <u>Motion to amend at Doc. No. 26</u>.

At Doc. No. 26, plaintiff seeks to amend the complaint (plaintiff does not specify which complaint) to add Jonathan Bond

---

[1] The docket sheet indicates that Doc. No. 36 supplements Doc. No. 15.  Looking at the caption and the substance of Doc. No. 36, the court believes it is a supplement to Doc. No. 23.

(a jail officer), Katie Calloway (an LPN), Ruth Kaboe (a RN), and an unknown third nurse as defendants.

The court has ruled that the third amended complaint is the operative complaint in this case. Bond is already listed as a defendant in the third amended complaint, so no amendment is needed to add him as a defendant. As for Calloway, Kaboe and the unknown nurse, neither the third amended complaint nor plaintiff's motion to amend (Doc. No. 26) describes what each of them did or failed to do in violation of plaintiff's constitutional rights. The third amended complaint states that: "medical staff did not treat plaintiff for seizure or concussion lacking in training and inadequate procedures." This is not sufficiently specific to give fair notice of a claim. Walker, 947 F.3d at 1249-50 (rejecting collective and generalized allegations in a denial of medical care care). The motion to amend shall be denied.[2]

E. Motion to amend at Doc. No. 35.

Doc. No. 35 requests leave to amend the complaint if the court grants the motion to dismiss. The motion to dismiss the original complaint is moot because the court granted plaintiff leave to file and proceed upon the proposed third amended complaint. Therefore, Doc. No. 35 is also moot.

---

[2] Plaintiff has also failed to comply with D.Kan.R. 15.1(a)(2) in the motions to amend at Doc. Nos. 23 and 26 because he has not attached a copy of the proposed amended complaint to the motion to amend.

III. Motion to dismiss at Doc. 4 and related documents.

As already noted, the motion to dismiss at Doc. No. 4 is moot and any pleadings filed by either side which are related to Doc. No. 4 shall be considered moot.

IV. Screening the third amended complaint.

The court has reviewed the third amended complaint and the affidavit filed as an attachment.  The third amended complaint names three defendants:  (fnu) Dole, the Health Service Administrator of Wellpath at WCADC; Jonathan Bond, a Wyandotte County Sheriff Deputy employed at WCADC; and Jeffrey Fewell, the "warden" at WCADC.

In order to state a claim against an individual defendant under § 1983, a complaint must describe how the defendant was personally involved in the constitutional violation. See Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006).  A complaint should explain what each defendant did, when it was done, how plaintiff was harmed and what legal right was violated.  See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  As already noted, a fair level of specificity is necessary.  Here, the third amended complaint fails to describe specifically what defendants Dole and Fewell did to harm plaintiff.

As for defendant Fewell, the third amended complaint only states "lack of training."  Doc. No. 15, pp. 3-4.  This is not sufficient to state a claim. See Sanaah v. Howell, 384 Fed.Appx.

9

737, 740 (10th Cir. 2010); Whitington v. Ortiz, 307 Fed.Appx. 179,

190-91 (10th Cir. 2009); Stuart v. Jackson, 24 Fed.Appx. 943, 955

(10th Cir. 2001).

As for defendant Dole, the third amended complaint only states

that she "did not provide adequate medical care." Doc. No. 15, p.

3. Again, this lacks the specificity necessary to show that

defendant Dole did something which caused plaintiff harm and

violated plaintiff's rights. See Cary v. Hickenlooper, 674

Fed.Appx. 777, 780 (10th Cir. 2016)(conclusory statement of denial

of "appropriate medical care" is insufficient to state a claim

against administrative and medical personnel); Villa v. D.O.C.

Department of Corrections, 664 Fed.Appx. 731, 733 (10th Cir.

2013)(conclusory legal assertions and claims of denial of adequate

medical care fail to state a § 1983 claim); see also Ortega v.

Gonzales, 1994 WL 47162 *3 (10th Cir. 1994)(conclusory allegations

of inadequate medical care are insufficient to subject county to

§ 1983 liability).

In summary, it appears that the third amended complaint fails

to state a claim against defendants Fewell and Dole.

V. Discovery motions

Defendant Health Services Administrator of Wellpath has filed

a motion to stay discovery. Doc. No. 6. At this stage of the

proceedings, a stay of discovery would be consistent with the

procedures generally followed by this court in pro se cases filed

by inmates.  Discovery is usually delayed until screening has been completed and service of process upon all defendants is completed. That point has not been reached in this case.  It makes sense to follow the same approach in this case where plaintiff's claims and the defendants in this matter are not more certain.  Therefore, the motion to stay discovery is granted and the motions for discovery at Doc. Nos. 9, 12, 13, 21, 22, and 44 are denied without prejudice.

VI. <u>Motions for injunctive relief</u>

In Doc. No. 14, plaintiff seeks an order barring contact with plaintiff and plaintiff's family by defendant Bond and several other persons.  In Doc. No. 27, plaintiff seeks an order directing that criminal charges be brought against defendant Bond, that Bond and other persons be enjoined from harassing plaintiff, and that Sara Toms and Esmeralda Wilson be enjoined from harassing plaintiff and denying plaintiff access to the courts.

In order to justify the issuance of a preliminary injunction, the moving party must establish that: 1) he will suffer irreparable injury unless the injunction issues; 2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; 3) the injunction, if issued, would not be adverse to the public interest; and 4) there is a substantial likelihood of success on the merits. <u>Heideman v. S. Salt Lake City</u>, 348 F.3d 1182, 1188 (10th Cir.

11

2003). A preliminary injunction is considered an extraordinary remedy, so the right to relief must be clear and unequivocal. Id. "Purely speculative harm will not suffice...." RoDa Drilling Co v. Siegal, 552 F.3d 1203, 1210 (10th Cir. 2009). See Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1258 (10th Cir.2003) (agreeing with the proposition that "purely speculative harm does not amount to irreparable injury" and holding "that a plaintiff who can show a significant risk of irreparable harm has demonstrated that the harm is not speculative"); Maximus, Inc. v. Thompson, 78 F.Supp.2d 1182, 1189 (D.Kan.1999) ("Speculation or unsubstantiated fears of what may happen in the future cannot provide the basis for a preliminary injunction."). See also Sims v. New, 2008 WL 5044554, *2 (D.Colo. 9/2/2008) (inmate's speculation that he may suffer acts of retaliation, including placement in segregation or a transfer, without more does not establish irreparable harm for purposes of imposing injunctive relief).

Plaintiff's motions do not address or satisfy the standards for injunctive relief. They are vague in scope, conclusory and speculative. In other words, they fail to present clear and unequivocal proof to support the relief requested. Moreover, the court does not have the authority to direct that criminal charges be brought against a person. Criminal cases in federal court must be filed by the United States Attorney. See Maine v. Taylor, 477

12

U.S. 131, 136 (1986)("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); U.S. v. Davis, 285 F.3d 378, 383 (5th Cir. 2002)(court lacks power to require United States Attorney to sign indictments).

VII. Motions to appoint counsel

Plaintiff has filed two motions for appointment of counsel. Doc. Nos. 8 and 20.  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004).  "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).  Here, the court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case.  But, at this point in time, the court is not convinced that appointment of counsel is warranted.  Plaintiff has been able to file numerous pleadings and has demonstrated an ability to present legal arguments.  After evaluating those pleadings and considering all of the circumstances, including that the merits of the case are unclear, the court shall deny plaintiff's motion for appointment

of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

VIII. <u>Conclusion</u>

In accordance with the previous sections in this order, the court shall grant defendant's motion to stay discovery. Doc. No. 6. Discovery is stayed until further order from the court. Plaintiff's motions at Doc. Nos. 9, 12, 13, 21, 22 and 44 are denied without prejudice. Defendant's motions or requests to quash discovery or for other relief at Doc. Nos. 17, 29 and 45 are denied as moot. Plaintiff's motions for injunctive relief (Doc. Nos. 14, and 27) are denied. Plaintiff's motions for appointment of counsel (Doc. Nos. 8 and 20) are denied without prejudice. Plaintiff's proposed first and second amended complaints (Doc. Nos. 10 and 11), treated as motions to amend, are denied as moot. Plaintiff's proposed third amended complaint (Doc. No. 15), treated as a motion to amend the complaint, is granted. Doc. No. 15 shall be considered the operative complaint at this point in the case. The motion to amend at Doc. No. 23 as supplemented in Doc. No. 36 shall be denied. The motion to amend at Doc. No. 26 is denied. The motion to amend at Doc. No. 35 is denied as moot. The motion to dismiss at Doc. No. 4 is denied as moot and the pleadings related to Doc. No. 4 are also considered moot.

Plaintiff is hereby directed to show cause by September 25, 2020 why plaintiff's claims in the third amended complaint (Doc.

No. 15) against defendants Fewell and Dole should not be dismissed as discussed in section IV of this order.   In the alternative plaintiff may file an amended complaint by September 25, 2020 which corrects the deficiencies detailed in this order.   The court will screen any amended complaint filed by plaintiff and no defendant is required respond to the amended complaint until a screening order is issued.

If plaintiff files another amended complaint, it will supersede the operative complaint and must contain all of the claims upon which plaintiff wishes to proceed.   An amended complaint should not refer back to a previous complaint.

**IT IS SO ORDERED.**

Dated this 26th day of August 2020, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge