IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE WILLIAMS,

                Plaintiff,

vs.                                     Case No. 20-2123-SAC

(fnu) DOLE, JEFFREY S. FEWELL
and  JONATHAN BOND

                Defendants.

**O R D E R**

In Doc. No. 48, the court screened plaintiff's third amended complaint (Doc. No. 15).  This case is before the court for screening a fourth amended complaint (Doc. No. 49) plaintiff filed in response to the court's last screening order.  The court will also consider supplements plaintiff has filed following the fourth amended complaint (Doc. Nos. 50, 52 and 53).  The court applies the screening standards set forth in Doc. No. 48 at pp. 2-4.

I. The fourth amended complaint – Doc. No. 49 as supplemented by Doc. No. 52

The fourth amended complaint makes allegations arising out of the Wyandotte County Adult Detention Center (WCADC).  Plaintiff names as defendants:  (fnu) Dole, the health services administrator at WCADC; Jeffrey Fewell, warden at WCADC; and Jonathan Bond, a deputy at WCADC.  Generally, plaintiff alleges that he was

1

assaulted by a prison officer (defendant Bond) on September 17, 2019; that he was not treated for his injuries by defendant Dole; and that defendant Fewell, as warden, failed to do training or take other actions which would have prevented plaintiff's injuries.

In Count 1, plaintiff alleges that defendant Dole refused to provide plaintiff with proper medical treatment and that he suffered in pain for 17 days with head injuries.  Count 2 alleges state law claims of negligent and intentional infliction of emotional distress against all defendants.  Plaintiff asserts in Count 3 that his due process rights have been violated by all defendants.  Count 4 alleges excessive force by defendant Bond causing a concussion and other injuries.[1]  Count 5 alleges perjury in violation of state and federal criminal statutes.  Finally, Count 6 alleges a denial of plaintiff's due process rights because of defendant Dole's inadequate medical care and defendant Fewell's poor supervision of defendant Bond.

II. Screening

A. Count 1

The denial of adequate medical care by defendant Dole described in Count 1 also is alleged in Count 6.  The court shall dismiss Count 1 as duplicative.

---

[1] Counts 4, 5 and 6 are written on Doc. No. 52 which has been docketed as a "supplement" to the complaint.

B. <u>Count 3</u>

Count 3 generally alleges "unsafe conditions" and "due process claims" against all defendants. Plaintiff also asserts that he continuously wrote grievances to defendant Fewell about defendant Bond's assaultive behavior, but no action was taken.

A conclusory allegation of "unsafe conditions" and "due process claims" does not give fair notice of a plausible § 1983 claim. See <u>Grady v. Garcia</u>, 506 Fed.Appx. 812, 814 (10th Cir. 2013)(rejecting conclusory allegations of Eighth Amendment violations); <u>Koetting v. Noble County Bd. of County Com'rs</u>, 12 Fed.Appx. 796, 799 (10th Cir. 2001)(same). Moreover, while grievances written to the warden may be a fact relevant to plaintiff's other claims, it is not by itself grounds for a constitutional claim under § 1983. See <u>Von Hallcy v. Clements</u>, 519 Fed.Appx. 521, 523 (10th Cir. 2013)(no constitutional right to prison grievance procedures); <u>Tapp v. Proto</u>, 404 Fed.Appx. 563, 566 (3rd Cir. 2010)(same); <u>Watson v. Evans</u>, 2014 WL 7246800 *7 (D.Kan. 12/17/2014)(failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); <u>Strope v. Pettis</u>, 2004 WL 2713084 *7 (D.Kan. 11/23/2004)(alleged failure to investigate grievances does not amount to a constitutional violation).

For these reasons, the court concludes that Count 3 fails to state a plausible claim for relief.

C. Count 5

Count 5 alleges perjury in violation of K.S.A. 21-5903 and 18 U.S.C. § 1621. These are criminal statutes which do not provide a civil cause of action for damages or other relief. Clay v. Hydro, 2020 WL 1547814 *1 n.1 (D.Kan. 4/1/2020); Perry v. Pringle, 2014 WL 129391 *2 (D.Kan. 1/14/2014). The court does not have the authority to institute a criminal prosecution. See Maine v. Taylor, 477 U.S. 131, 136 (1986)("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); U.S. v. Davis, 285 F.3d 378, 383 (5th Cir. 2002)(court lacks power to require United States Attorney to sign indictments). That is the job of the executive branch. Also, Kansas courts do not recognize a common law civil damages action for perjury, noting that the appropriate remedy is criminal punishment or an action to set aside a judgment. Hokanson v. Lichtor, 626 P.2d 214, 218-19 (Kan.App. 1981); see also Koplin v. Rosel Well Perforators, Inc., 734 P.2d 1177, 1183 (Kan. 1987).

For these reasons, Count 5 shall be dismissed.

III. Conclusion

The court shall permit this action to go forward upon Counts 2, 4 and 6 of the fourth amended complaint (Doc. No. 49) as supplemented by Doc. No. 52. Counts 1, 3 and 5 are dismissed.

The Clerk is directed to issue waiver of summons forms to defendants Dole, Fewell and Bond. Plaintiff shall be assessed no

costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

Finally, because the court's screening function has been completed, the court refers this case back to the Clerk for reassignment for all further proceedings consistent with D.Kan.R. 40.1.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2020, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge