### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FREDDIE WILLIAMS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    Case No. 20-2123-JAR-ADM |
| | ) |
| (fnu) DOLE, et al., | ) |
| | ) |
|        Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the court on pro se plaintiff Freddie Williams' two Motions for Appointment of Counsel. (ECF 51 & 62.) For the reasons discussed below, Mr. Williams' motions are denied without prejudice.

### I.    BACKGROUND

Mr. Williams is an inmate at the Wyandotte County Detention Center. He filed this lawsuit in the District Court of Wyandotte County, Kansas. Defendant Dole removed the case to this court, citing federal question jurisdiction because Mr. Williams alleges a claim under 42 U.S.C. § 1983. (ECF 2.) Mr. Williams previously filed two motions to appoint counsel, which the court denied without prejudice on August 26, 2020. (ECF 48, at 13-14.) In the current motions, Mr. Williams again asks the court to appoint him counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF 51 & 62.)

### II.    ANALYSIS

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, § 1915(e)(1) provides the court with discretionary authority to "request an attorney to represent any person unable to afford counsel." This provision is limited to litigants who have been granted leave to proceed in forma pauperis

("IFP") under 28 U.S.C. § 1915(a).  *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (stating a court may "request an attorney to represent a litigant who is proceeding [IFP]"); *Cox v. LNU*, 924 F. Supp. 2d 1269, 1280 (D. Kan. 2013).  To proceed IFP, a litigant must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Prisoners seeking to proceed IFP must also submit a certified copy of their inmate trust fund account statement or institutional equivalent.  28 U.S.C. § 1915(a)(2).

Here, Mr. Williams filed a motion to waive the filing fee in state court with a supporting poverty affidavit.  (ECF 2, at 1 n.1.)  That motion was granted.  But the docket does not show that Mr. Williams filed an application to proceed IFP in this court.  Mr. Williams' motions contend that he is unable to afford counsel and is indigent, but his statements to that effect are not the same as an application for leave to proceed IFP with the required affidavit and account statement.  *See Cox*, 924 F. Supp. 2d at 1280 (in a removal case, finding plaintiff's declaration stating he was "broke" and had "no money or assets" did not qualify as the required § 1915(a) affidavit or a motion to proceed IFP).  Because Mr. Williams is not proceeding IFP, § 1915(e)(1) does not provide a basis for the court to appoint counsel.  *Id.*; *see also George v. United States*, No. 319CV01557BASBLM, 2019 WL 4962979, at *3 (S.D. Cal. Oct. 7, 2019) ("The Court may not appoint counsel [pursuant to § 1915(e)(1)] until Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence . . . .").

But even if Mr. Williams were proceeding IFP, the court would still deny the motions.  In evaluating whether to appoint counsel under § 1915(e)(1), the court considers: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393

F.3d 1111, 1115 (10th Cir. 2004). A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.* In considering appointment, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The court first turns to the merits of Mr. Williams claims. In the operative fourth amended complaint (ECF 49 & 52), Mr. Williams alleges that he was assaulted by defendant Bond, who is a prison official; that defendant Dole failed to treat him for his injuries; and that defendant Fewell, as warden, failed to train or take other actions that would have prevented his injuries. (*See* ECF 54, at 1-2.) After screening the complaint pursuant to 28 U.S.C. § 1915A, the court allowed this lawsuit to go forward on three counts: (1) state law claims for negligent and intentional infliction of emotional distress against all defendants (Count 2); (2) a § 1983 claim alleging excessive force by defendant Bond (Count 4); and (3) § 1983 claims alleging due process violations resulting from defendant Dole's inadequate medical care and defendant Fewell's poor supervision of defendant Bond (Count 6). Although these claims have survived screening, the undersigned cannot say they are more or less meritorious than other pro se claims that also survive screening. Mr. Williams has not met his burden to affirmatively establish the merits of his claims.

As for the second factor, Mr. Williams argues the issues in this case are complex, require significant research and investigation, and will likely require expert testimony and "serv[ing] process on several witness[es]." (ECF 62, at 2.) Mr. Williams contends that a lawyer will better enable him to obtain and present evidence and cross-examine witnesses. But the fact that counsel

3

could assist in presenting the "strongest possible case" is not enough to justify appointment because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). The factual and legal issues here do not appear to be complex. Mr. Williams' contentions regarding alleged assaults and failure to provide medical care appear similar to those made by many inmate litigants who are able to proceed without counsel. Accordingly, this factor also weighs against appointing counsel. *See McDiffett v. Nance*, No. 17-3037-JAR, 2019 WL 3891129, at *1 (D. Kan. Aug. 19, 2019) (recognizing that the need for expert testimony, depositions, subpoenaing witnesses, research, and obtaining evidence is "more or less present in every case" and does not "elevate the complexity of the . . . issues presented").

The third and final factor is Mr. Williams' ability to investigate the facts and present his claims. Mr. William argues his imprisonment will greatly limit his ability to litigate in that he has limited ability to mail documents and limited access to the law library; furthermore, he has been unable to obtain video footage and other information from Wyandotte County Detention Center. But Mr. Williams' factually detailed complaint demonstrates that he has already conducted an investigation into his claims, including interviews with twenty-five other inmates regarding the alleged mistreatment. (ECF 52, at 5.) He has also amended and supplemented his complaint multiple times and filed multiple motions with citations to authority, showing that he is adequately able to articulate his claims and present them to the court. (*See* ECF 48, at 13 (denying Mr. Williams' prior motions to appoint counsel and noting that, while he may have some obstacles in presenting the facts and law, he "has been able to file numerous pleadings and has demonstrated an ability to present legal arguments").) Mr. Williams has been unable to obtain evidence so far only because discovery is currently stayed. Once that stay is lifted, there is no apparent reason why Mr. Williams could not obtain relevant documents, video footage, and other information

4

through the formal discovery mechanisms that will be available to him. Therefore, this factor also weighs against appointing counsel because Mr. Williams appears capable of continuing his investigation and adequately presenting his claims to the court.

### III. CONCLUSION

The court is not authorized to appoint counsel for Mr. Williams pursuant to 28 U.S.C. § 1915(e)(1) because he is not proceeding IFP and, even if he were proceeding IFP, the factors discussed above weigh against appointing counsel at this time. The court will deny Mr. Williams' motions without prejudice, however, and allow him to seek IFP status if he wishes to do so. *See Christian v. Commerce Bank N.A.*, No. 4:14CV00201 AGF, 2014 WL 1515872, at *2 (E.D. Mo. Apr. 18, 2014) (noting the primary advantage to proceeding IFP is waiver of the filing fee, but a pro se litigant in a removed case may still request IFP status for other benefits). If the court grants Mr. Williams IFP status, he may renew his request to appoint counsel pursuant to § 1915(e)(1) at a later procedural juncture.

**IT IS THEREFORE ORDERED** that Mr. Williams' Motions for Appointment of Counsel (ECF 51 & 62) are denied without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to Mr. Williams by regular mail and enclose a form Application to Proceed Without Prepayment of Fees and Affidavit by a Prisoner.

**IT IS SO ORDERED.**

Dated October 29, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
