IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FREDDIE WILLIAMS,**

    **Plaintiff,**

    **v.**

**(FNU) DOLE, JEFFREY S. FEWELL, AND JONATHAN BOND,**

    **Defendants.**

Case No. 20-CV-2123-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Freddie Williams filed this civil rights action arising out of an alleged assault when he was a pretrial detainee at the Wyandotte County Detention Center. Before the Court is Defendant (FNU) Dole's Motion to Dismiss for Failure to State a Claim (Doc. 69), filed on December 1, 2020. The motion seeks to dismiss the two remaining counts alleged against Defendant (FNU) Dole for failure to state a claim. Plaintiff has not responded and the time for doing so has expired.[1] Therefore, the motion to dismiss Dole is granted as uncontested and on the merits.

As an initial matter, Local Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief, and that the court will decide such motions as uncontested and ordinarily will grant them without further notice. Because Plaintiff has filed no response to Defendant's motion to dismiss, the Court grants Defendant's motion as uncontested.[2]

---

[1] *See* D. Kan. Rule 6.1(d) (stating that responses to motions to dismiss must be filed and served within 21 days).

[2] The last address Plaintiff provided to the Court is the Wyandotte County Detention Center. The last two orders the Court sent to that address were returned as undeliverable, labeled "LEFT FACILITY RETURN TO SENDER." Docs. 67–68. Under the Court's local rule, Plaintiff "must notify the clerk in writing of any change of

Additionally, Defendant's motion is granted on the merits. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[3] "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[5]

Plaintiff alleges two claims against Dole, who is a registered nurse and Health Services Administrator for the Wyandotte County Detention Center: Count II for negligent and intentional infliction of emotional distress under state law, and Count VI for denial of due process based on inadequate medical care.[6] Under the Prison Litigation Reform Act, an inmate must exhaust his administrative remedies before filing suit under § 1983.[7] An "inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."[8] Even if the inmate begins the grievance procedure, if he does not complete it, he is barred from pursuing relief under § 1983.[9] Likewise, under Kansas law, an inmate must exhaust administrative remedies and submit proof of exhaustion with his petition.[10] Plaintiff has not alleged or attached

---

address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. R. 5.1(c)(3).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] Docs. 49, 52. Prior to transfer to the undersigned, the Honorable Sam A. Crow screened Plaintiff's Fourth Amended Complaint, as supplemented, under 28 U.S.C. § 1915A since he was a prisoner at the time of filing. Judge Crow permitted Counts 2, 4, and 6 to proceed. Doc. 54. He dismissed Counts 1, 3, and 5. *Id.*

[7] 42 U.S.C. § 1997e(a).

[8] *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

[9] *Id.*

[10] K.S.A. § 75-52,138.

any grievances to his Fourth Amended Complaint or Supplement showing that he completed the grievance procedure at the Wyandotte County Detention Center as it relates to his specific claims in this action against Dole.  Therefore, Plaintiff's claims against Dole may be dismissed for the additional reason that he failed to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant (FNU) Dole's Motion to Dismiss for Failure to State a Claim (Doc. 69) is **granted**.  Dole is hereby dismissed from this action without prejudice.

**IT IS SO ORDERED.**

Dated: January 12, 2021

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
CHIEF UNITED STATES DISTRICT JUDGE