IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FREDDIE WILLIAMS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    Case No. 20-2123-JAR-ADM |
| | ) |
| JONATHAN BOND, et al., | ) |
| | ) |
|        Defendants. | ) |

**NOTICE AND ORDER TO SHOW CAUSE**

The docket reflects that defendant Jeffrey Fewell ("Fewell") agreed to waive service of a summons in this action on October 7, 2020. (ECF 63.) The docket also reflects that a summons and complaint were served on defendant Jonathan Bond ("Bond") by certified mail on February 8, 2021. (ECF 75.) Fewell was required to answer or otherwise respond to plaintiff Freddie Williams' fourth amended complaint and supplement (ECF 49 & 52) by December 4, 2020. (*See* ECF 63.) Bond was required to answer or otherwise respond by March 1, 2021. (*See* ECF 75.) As of today, however, neither Fewell nor Bond has not responded to the operative complaint, and plaintiff has not filed a request for the clerk's entry of default against these defendants.

Plaintiff has taken no action in this case since October 2020. Multiple docket entries show that mail sent to plaintiff in October 2020 and after was returned to the clerk's office. (*See, e.g.*, ECF 67, 68, 73, 74.) It appears plaintiff is no longer incarcerated at Wyandotte County Detention Center, which is his current address of record. (*See* ECF 68 (stamped "LEFT FACILITY RETURN TO SENDER"); *see also* KASPER Offender Population Search (showing that the current status of Freddie L. Williams is "Post Incarceration").) Pursuant to D. KAN. RULE 5.1(c)(3), a pro se litigant "*must* notify the clerk in writing of any change to address or telephone number." (emphasis added.) But plaintiff has not done so. To the extent he does not receive

notices from the court, he bears responsibility.  *See Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (interpreting a similar District of Colorado local rule).

In view of the above, the court orders plaintiff to show cause in writing by **March 26, 2021**, why the court should not recommend that the district judge dismiss his claims against Fewell and Bond for failure to prosecute pursuant to FED. R. CIV. P. 41(b).  The court further orders the clerk's office to send a copy of this order to plaintiff's last address of record by regular and certified mail.  "Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice."  D. KAN. RULE 5.1(c)(3).

**IT IS SO ORDERED.**

Dated March 10, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge