**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FREDDIE WILLIAMS,**

**Plaintiff,**

**v.**

**(FNU) DOLE, JEFFREY S. FEWELL, and JONATHAN BOND,**

**Defendants.**

**Case No. 20-2123-JAR-ADM**

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff Freddie Williams' Motion to Reopen Case (Doc. 88), Motion to Alter Judgment (Doc. 98), and Motion in Opposition to Remove Case (Doc. 104). These motions are ripe for ruling. As described more fully below, Plaintiff's motions are denied.

## I. Background

Plaintiff, proceeding pro se, originally filed this removal action in February 2020 while incarcerated at Wyandotte County Detention Center, alleging civil rights claims under 42 U.S.C. § 1983. After screening and motions practice, Plaintiff's only remaining claims were against Defendants Jonathan Bond for excessive force and Jeffrey S. Fewell based on his supervision of Bond. Because Plaintiff had taken no action against these remaining Defendants for several months, Magistrate Judge Angel D. Mitchell ordered Plaintiff to show cause in writing by March 26, 2021, why she should not recommend to this Court that the case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).[1] Seeing no response, on April 5, 2021, Judge Mitchell entered a Report and Recommendation of dismissal without prejudice under Rule 41(b).[2] In that

[1] Doc. 76.

[2] Doc. 83.

Report and Recommendation, the court noted that Plaintiff appeared to no longer be incarcerated at Wyandotte County Detention Center because court filings sent to him by mail had been returned, stating that he left the facility. Plaintiff failed to follow this Court's local rule requiring him to provide the Court with notice of any change of address.[3] Judge Mitchell explained in the Report and Recommendation that Plaintiff had fourteen days under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b) to file written objections to the Report and Recommendation. Plaintiff filed no objections. Therefore, this Court adopted the Report and Recommendation of dismissal, dismissed this case without prejudice, and entered judgment in favor of Defendants on April 21, 2021.[4]

## II. Discussion

Plaintiff generally asserts in his filings that this case must be reopened because Defendants did not produce certain video evidence to him in discovery, which made it impossible for him to respond to Judge Mitchell's April 5, 2021 Order to Show Cause. Plaintiff does not specify the rule upon which he seeks to reopen this case, but the Court liberally construes Plaintiff's filings as seeking relief under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, which govern relief from a final judgment or order.[5]

A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[6] A motion under Rule

[3] *See* D. Kan. R. 5.1(c)(3).

[4] Docs. 85, 86.

[5] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must liberally construe pro se pleadings).

[6] *Banister v. Davis*, 590 U.S.--, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

59(e) must be filed no more than 28 days after judgment.[7] Plaintiff's motions were filed more than two years after judgment was entered—well past the deadline for a motion to alter or amend—so he may not obtain relief under this rule.

Rule 60(b) provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[8]

A motion brought under Rule 60(b), "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[9] Rule 60(b) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[10] The

---

[7] Fed. R. Civ. P. 59(e).

[8] Fed. R. Civ. P. 60(b).

[9] Fed. R. Civ. P. 60(c)(1).

[10] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Court has discretion when granting a motion for relief from an order or judgment under Rule 60(b).[11]

Here, Plaintiff can only seek relief under subsections (4), (5), or (6) because he filed his motion more than one year after judgment. Subsections (4) and (5) do not apply here given Plaintiff's contention that his case should be reopened due to Defendant's failure to produce certain discovery.

That leaves subsection (6). The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[12] But the rule applies "only in extraordinary circumstances and only when necessary to accomplish justice."[13] Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[14] But subsection (6) and subsection (1) for excusable neglect are "mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."[15] Instead, under subsection (6), the extraordinary circumstances relied on by the movant must "suggest[] that the party is faultless in the delay."[16]

Plaintiff falls short of the showing required for relief under Rule 60(b)(6). First, he has demonstrated no extraordinary circumstances. Assuming as true Plaintiff's contention that

---

[11] *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

[12] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

[13] *Id.* (quoting *Cashner*, 98 F.3d at 579).

[14] *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579).

[15] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 393 (1993) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988)).

[16] *Id.*

Defendants should have provided him with the video before his deadline to respond to Judge Mitchell's orders, this occurred before judgment. He does not explain why he wholly failed to respond to the Order to Show Cause or object to the Report and Recommendation. Nor does Plaintiff explain why he waited two years to raise this issue. Second, Plaintiff is partly to blame for the delay given Judge Mitchell's findings that he failed to update his address with the Court as required by local rule, and that he failed to prosecute. Therefore, Plaintiff cannot obtain relief under Rule 60(b)(6).

In sum, Plaintiff fails to establish under either Rule 59(e) or 60(b) that he is entitled to relief from the April 21, 2021 order of dismissal and judgment in this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Freddie Williams' Motion to Reopen Case (Doc. 88), Motion to Alter Judgment (Doc. 98), and Motion in Opposition to Remove Case (Doc. 104) are **denied**.

**IT IS SO ORDERED.**

Dated: October 30, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE